UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------X

DUNG NGUYEN and NGOC-ANH VU,

                  Plaintiffs,

   -against-

MORRISON HEALTHCARE

                  Defendant

------------------------------------X

Case No.:  1:16-cv-01351

**DEFENDANT'S RULE 56.1
STATEMENT OF UNDISPUTED
MATERIAL FACTS IN SUPPORT OF
THEIR MOTION FOR SUMMARY
JUDGMENT**

Pursuant to Local Rule 56.1, Defendant Morrison Healthcare ("Morrison") provides the following Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment.

**The Parties**

1.     Dun Nguyen was employed by Staten Island University Hospital on June 26, 2014, the day of his accident. (Dung Nguyen Depo. Transcript, Ex. A, at 8:4-9:18).

2.     On January 1, 2010, Morrison entered into an agreement with the Hospital to provide contract management personnel for the Hospital's food and nutrition department. (Morrison and Staten Island Contract ("Contract"), Ex. B, at p. 1).

3.     Plaintiff has never seen the agreement between Morrison and the Hospital. (Dung Nguyen Depo. at 79:20-24).

**Plaintiff's Allegation**

4.     Plaintiff claims he was injured when he was working as a Hospital cafeteria employee and tripped over an electrical wire that came from three warming tables or steam tables that kept food warm on the cafeteria serving line.  (Hospital Work Injury/Illness Occurrence Report, Ex. C; Dung Nguyen Depo. at 36:11-38:16).

1

**Hospital's Control Over Premises and Food Service employees**

5.      Pursuant to Morrison and the Hospital's contract, the Hospital alone had the authority to hire, employ and fire food service personnel:

> all hourly personnel of the Program and the Department who work at the Facility (the "Hourly Personnel") will be carried as part of the Hospital's payroll, and all expenses in connection with the Hourly Personnel shall be paid by the Hospital. The Hospital shall be responsible for all costs related to the Hourly Personnel, including all wages and associated payroll costs such as payroll taxes, insurance and fringe benefits.

(Contract at 1.2(b)).

6.      The Hospital recruited all food service employees and performed background checks. (Renu Sethi Depo. Transcript, Ex. D, at 91:6-17).

7.      The Hospital hired the food service employees and managed all payroll functions. (*Id.* at 91:23-92:12).

8.      Morrison does not have the ability to fire a Hospital employee like Plaintiff. (*Id.*)

9.      The Hospital could request the removal of any Morrison Management Personnel and Morrison must comply with the request. (Contract at 1.2(a)).

10.      Morrison was required to follow all applicable Hospital policies and procedures and comply with Hospital training requirements. (Contract at 1.2(c-d)).

11.      The Hospital provided the Facility and was required to ensure it was "equipped and furnished."

> The Hospital will ensure that the Facility (including the kitchen) is in good, clean, sanitary, working condition, as of the beginning of Morrison's Services. The Hospital will maintain the Facility and all items furnished by the Hospital (the "Property") in accordance with Applicable Law, and make all repairs or replacements to the Facility and Property at its expense, except that Morrison shall be responsible for damage to the same caused by the gross negligence of Morrison's employees.

2

(Contract at 1.4).

12. Morrison did not own the food service equipment, including the warming tables, that allegedly caused Plaintiff to trip and fall. (Renu Sethi Depo. at 37:17-25).

13. The warming tables could not be moved by Morrison because it would have required engineering and the relocation of electrical panels, which was not within Morrison's authority or control. (Renu Sethi Depo. at 93:2-94:1).

14. The Hospital would have had to move the warming tables because the Hospital's engineering department would have had to relocate the electrical system. Morrison did not have the authority to move the warming tables. (*Id.* at 93:7-94:2).

15. The Hospital bore all the risks associated with costs and losses in connection with the operation of the food and nutrition department, "including but not limited to payroll costs, Morrison's fees and charges, and all food, labor, supply and other standard costs." (Contract at 2.2(c)).

Dated: Uniondale, New York
       April 5, 2017

Respectfully submitted,

By:_____
William E. Vita, Esq.
WESTERMAN BALL EDERER MILLER
ZUCKER & SHARFSTEIN, LLP
1201 RXR Plaza
Uniondale, NY 11556
Telephone: 516-622-9200
Facsimile: 516-622-9212
wvita@westermanllp.com

3